**MICHAEL N.  FEUER,** City Attorney - SBN 111529x
**SCOTT MARCUS,** Civil Litigation Branch Chief – SBN 184980
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**SHANT G. TASLAKIAN,** Deputy City Attorney – SBN 272485
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Telephone: (213) 978-8722   Fax: (213) 978-8785
Email: shant.taslakian@lacity.org

*Attorneys for Defendants,* **CITY OF LOS ANGELES, et al.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK EDWARD EDMONDS,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT, CHARLIE L. BECK, MICHEL R. MOORE, ZADI BORQUEZ-RIVERA, DELANO HUTCHINS, JEFFREY JOYCE, JUAN LOBO, MATTHEW MARTINEZ, EDWARD PERNESKY, AARON THOMPSON, REX INGRAM, ERNEST SPARKMAN, RYAN WHITEMAN, JENNIFER RAMIREZ, MATTHEW HOFFMAN, ACKLEY MAYER TUCKER, ALEXANDRE DELIEUZE, ALCENDA NEAL, CJARLES BALEU, ALFRED PASOS, JOSE SALAZAR, JAMES LINDER, TODD BURNS, and Does 1 through 100, inclusive,<br>            Defendants. | CASE NO.  CV21-03149-FWS (ADSx)<br>*Hon. Fred W. Slaughter, Ctrm.10D,10ᵗʰ Fl., Santa Ana*<br>*Mag. Autumn D. Spaeth, Ctrm. 750, 7ᵗʰ Fl., Roybal*<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

     **TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD THEREIN:**

          Pursuant to the Honorable R Fred W. Slaughter's April 27, 2022, Reassignment Order, the following is the Joint Case Management Statement.

1

**A.**   **Date Case Was Filed:**

Plaintiff filed his case in the Federal District Court on April 12, 2021.

**B.**   **The Parties**

| Plaintiffs | Defendants |
|---|---|
| Frank Edward Edmonds | City of Los Angeles; Los Angeles Police Department; Charlie L. Beck; Michel R. Moore; Zadi Borquez-Rivera; Delano Hutchins; Jeffrey Joyce; Juan Lobo; Matthew Martinez; Edward Pernesky; Aaron Thompson; Rex Ingram; Ernest Sparkman; Ryan Whiteman; Alcenda Neal; Alfred Pasos; Jose Salazar; James Linder; and Todd Burns; |

Doe Defendants 11 through 100 dismissed; [Dkt. 11]

Order Dismissing Unserved Does July 6, 2021: [Dkt. 49]

Jennifer Ramirez; Matthew Hoffman; Ackley Mayer Tucker; Alexandre Delieuze; and Charles Baley dismissed with prejudice on March 1, 2022. [Dkt. 77]

**C.**   **Summary of Claims**

Plaintiff's claims include: (1) Fabrication of Evidence; (2) Excessive Force; (3) Joint Action/Conspiracy Fabrication of Evidence; (4) Violation of Civil Rights, Supervisorial Liability; (5) Deprivation of Civil Rights, Malicious Prosecution; (6) Deprivation of Civil Rights, *Brady* Violations; (7) Joint Action/Conspiracy *Brady* Violations; (8)  *Monell* Violations; (9) Violation of California Civil Code §§ 51 *et. seq.* and 52.1; (10) Violation of State Due Process, Cal. Const. Art. I § 7(a); (11) Assault by a Police Officer; (12) Battery by a Police Officer; (13) False Arrest False Imprisonment; (14) Malicious Prosecution; (15) Intentional Infliction of Emotional Distress; (16) Negligent Hiring, Supervision, Disciplining and Retaining Officers; [Docket No. 1]

1         There are no counter-claims, cross-claims, or third party claims.

2   **D.**   **Brief Description of Underlying Events:**

3         **1.**   **Plaintiff's Statement of Facts:**

4         On September 5, 2016, Plaintiff was arrested by the LAPD in Lynwood, a city that

5   is geographically located outside the jurisdiction of the LAPD. Plaintiff was in custody

6   until September 5, 2020 [4 years and a day].

7   Use of Force Incident, Arrest, Trial, Reversal, and Dismissal

8         Plaintiff was in a parked car unconscious. Defendant Thompson unable to arouse

9   Plaintiff called for emergency medical assistance. Defendant Ingram, second officer to

10   arrive, testified that if Plaintiff did not want medical treatment, "then that's on him" they

11   didn't want to use force if Plaintiff was a victim. Seven other Officers arrived.

12         Defendant Sparkman, Defendant Thompson's supervisor and the last officer to

13   arrive, questioned why Plaintiff was not in custody. Defendant Thompson responded

14   "because he was covered in blood. He didn't do anything wrong." Defendant Sparkman

15   instructed the officers to put gloves on, which the officers understood to mean they would

16   be "taking the suspect into custody".

17         The Digital In Car Video System (DICVS) captured Plaintiff being assaulted,

18   tased, and forcibly removed from his vehicle. The events show that, without probable

19   cause, Defendant Joyce reached into Plaintiff's vehicle, removed the keys and then

20   removed his taser. Plaintiff gets out of the vehicle and asks where his keys were.

21   Defendant Joyce states don't worry about it.

22         As Plaintiff turned to get back in the vehicle, Defendants Joyce and Borquez grab

23   Plaintiff and Plaintiff falls into the vehicle. Defendant Joyce starting to give the Garner

24   advisement and Plaintiff purportedly kicked Defendant Joyce in the leg. Defendant Joyce

25   tased Plaintiff in the chest. Plaintiff was tased six times, beaten, dragged from the vehicle

26   and manacled. Plaintiff was taken by an ambulance to the hospital for his injuries.

27         Plaintiff was arrested for violating Penal Code ("P.C."), §69, which states in part

28   "(a) Every person who attempts, by means of any threat or violence, to deter or prevent

1  an executive officer from performing any duty imposed upon the officer by law, or who
2  knowingly resists, by the use of force or violence, the officer, in the performance of his
3  or her duty ....'' (Effective January 1, 2016.)''

4  At no point during the interaction were any Defendant Officers recorded stating
5  Plaintiff kicked Defendant Joyce.  Defendant Joyce is recorded stating that he's gotta get
6  charged we can't let him go with the use of force.

7  Defendant Whiteman arrived to conduct a use of force investigation. Defendant
8  Joyce is recorded stating "listen you just type up a source of activity. I don't know what
9  the fuck it was", you write up the activity until we got here and email it to me and we'll
10  cute and paste it. Defendant Thompson responded "Okay." Defendants Sparkman,
11  Whiteman, and Pernesky were present. (DICVS)

12  During the booking approval, Defendant Linder asked Plaintiff what had
13  happened, and Plaintiff stated he was "jumped by two Mexicans . . .".

14  On September 5, 2016 at 11:50 p.m., Defendant Thompson goes end of watch.
15  Plaintiff was booked around 4:00 a.m. on September 6, 2016 at IRC.

16  On September 6, 2016, at 4:53 a.m., Defendant Joyce closed out the incident. At
17  5:39 a.m., Defendant Thompson's Arrest Report was approved by Defendant Salazar
18  containing details of the booking process well after Defendant Thompson had gone end
19  of watch. Defendant Officers conducted no investigation to determine if Plaintiff was
20  under the influence of alcohol, no alcohol, drugs, or weapons were recovered.

21  On September 7, 2016, the People filed felony charges for violating P.C., §69 in
22  Count 1 and P.C., §243.1(a) in Count 2 (Misdemeanor) and special allegations.  Plaintiff
23  violated no law or parking regulation. Plaintiff did not want medical treatment and the
24  car was legally parked.

25  Defendant Whiteman wrote a Non-Category Use of Force Report that was
26  approved by Defendants that documented the location as "10401 Alameda Avenue
27  South, Los Angeles, CA 90002."

28  On February 7, 2018, Plaintiff pled no contest on Count 2 [basis of the Brady

violations Sixth and Seventh Claims] and went to trial on Count 1. During trial, Plaintiff filed a motion to dismiss for Brady violations.

On March 3, 2018, the state denied the motion to dismiss. That afternoon the People disclosed that they had failed to turn over DICVS video and the state court declared a mistrial.

On May 10, 2018, a jury convicted Plaintiff of violating P.C., §69.

On May 17, 2018 Plaintiff was sentenced to prison.

On July 16, 2019, the appellate court reversed Plaintiff's conviction on Count One and held: In order to convict on the charge of resisting an executive officer in violation of section 69, the prosecution was required to prove, and the jury had to find that Officer Joyce was engaged in the lawful performance of his duty in attempting to detain [plaintiff] when [plaintiff] kicked him. Because the excluded evidence would have established the officer had no authority to detain [plaintiff], it would have negated the element of the lawful performance of a duty. And unless the prosecution were able to rebut the defense evidence, proof of the charge would have failed. The trial court's

On September 1, 2020, the state court dismissed Count 1 pursuant to P.C., §1385 over the People's objection. On September 5, 2020, Plaintiff was released from custody.

### Post Dismissal Brady Notification

On November 20, 2020, Plaintiff received the People's letter regarding Defendant Martinez's sustained finding for dishonesty (Brady Material) but the sustained finding for dishonesty was never disclosed to Plaintiff prior to the September 1, 2020 dismissal. Defendant LAPD Discloses Defendant Martinez's

### Sustained Findings for Dishonesty

On February 4, 2021, Defendant LAPD "uploaded documents responsive to your request for Defendant Mathew (sic) Martinez, Serial No. 32880."
Petition for Factual Innocense and Order to Show Cause in re Contempt

On June 10, 2021, Plaintiff filed a Petition for Factual Innocence ("PFI") and an Order to Show in re Contempt ("OSC") against four prosecutors.

On January 27, 2022, the state court dismissed Plaintiff's OSC.  During the hearing on the PFI, Defendant Whiteman testified that the incident occurred in Los Angeles and the he was responsible for determining the location of the incident.  Thomas Thornton, P.E, Director of Public Works, City of Lynwood testified that the location of the incident was in the City of Lynwood.

On January 31, 2022, Defendant Martinez testified that no one asked him about his sustained findings for dishonesty.

On January 31, 2022, the state court denied Plaintiff's PFI.

On February 3, 2022, Plaintiff filed a Notice of Appeal on the denial of his PFI. Plaintiff's appeal is pending and the opening brief is due July 12, 2022. (People v. Edmonds, case no. B319840.)

**Order Modify Motion Hearing Cut-off Date and Trial Dates**

On March 1, 2022, District Judge John F. Walter issued on Order to modify the scheduling and trial date. Dates set forth under h.

*Thompson v. Clark,* 596 U.S. _ (2022)

On April 4, 2022, the Supreme Court issued it's opinion in Thompson v. Clark, 596 U.S. __, 142 S.Ct. 1332, Slip Opinion, at p. 2 (2022) [https://www.supremecourt.gov/opinions/21pdf/20-659_3ea4.pdf] and held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction."

On May 17, 2022, Plaintiff filed his Petition for Certiorari [re OSC] with the appellate court under case no. B320381.  On June 17, 2022, the appellate court denied the Petition for Certiorari.

**2.     Defendant's Statement of the Case:**

Defendants deny Plaintiff's statements and contend the officers were acting lawfully and reasonably at all time when they responded. Defendants did not act in any outrageous manner, nor were any of the actions of the officers intended to deprive

plaintiff of his constitutional rights. Defendants contend that Plaintiff's arrest was lawful and based on probable cause and there were no *Brady* violations based on the actions of defendants and no one fabricated evidence. Defendants further submit that there is no entity liability either.

**E.    Relief Sought and Damages Claimed:**

Plaintiff seeks compensatory and punitive damages as well as attorney's fees for his injuries and has sustained great bodily injury and grave psychological suffering during the criminal proceedings and his time in custody.

Wrongful Incarceration: ................ $2,000,000.00

Excessive Use of Force: ............... $1,500,000.00

Mental Pain and Suffering: ...........$1,000,000.00

Attorneys Fees and Costs: ........... $1,000,000.00

Total: $5,500,000.00

**F.    Status of Discovery**

Plaintiff served Defendants with a Request for Production of Documents that is still outstanding.

Defendants served Special Interrogatories and Request for Production of Documents that is still outstanding. Defendants commenced Plaintiff's Deposition on February 10, 2022 via zoom, due to technical difficulties, the deposition was continued for a later date.  Plaintiff's deposition has not been re-set. Plaintiff's counsel has agreed to make their client available for a deposition and the parties are currently coordinating to reschedule the deposition.

**G.    Procedural History:**

07/02/2021 Joint 26(f) Report. [Dkt. 48]

07/06/2021 Order Vacating Scheduling Conference. [Dkt. 49]

07/06/2021 Scheduling and Case Management Order. [Dkt. 50]

01/14/2021 Joint Report Re: Mediation. [Dkt. 51]

01/21/2022 *Mediation* with Richard T. Copeland, Esq.. The Parties were not able to settle the matter.

01/21/2022 Updated Joint Report Re: Completed Mediation. [Dkt. 52]

02/25/2022 Joint Stipulation to Continue Motion Cut-Off Date and Trial and Related Dates and Order granted thereon. [Dkt. 76 and 78]

02/25/2022 Joint Stipulation to Dismiss Defendants Baley, Hoffman, Tucker, Ramirez, Delieuze and Order granted thereon. [Dkt. 77 and 79]

04/20/2022 Order of Chief Judge Creation of Calender [Dkt. 80]

04/27/2022 Reassignment Order [Dkt. 81]

05/05/2022 Notice of Appearance (Counsel Taslakian) [Dkt. 82]

**Motions Submitted**

02/07/2022 Defendants' MSJ on all claims as time barred; [Dkt. 53 - 58]

02/08/2022 Defendants MSJ stricken; [Dkt. 59]

02/10/2022 Joint Statement of Local Rule 7-3 Conference. [Dkt. 60]

02/11/2022 Defendants' MSJ on all claims as time barred; [Dkt. 61-62]

02/14/2022 Plaintiff's Motion to Stay Case pending Appeal; [Dkt. 63-71, 73]

02/15/2022 Defendants MSJ stricken; [Dkt. 74]

02/15/2022 Plaintiff's Motion for Stay Dkt. 63-71, 73 stricken. [Dkt. 75]

No motions pending.

**H.**     **Deadlines before Reassignment**

Before reassignment the deadlines in this case were as follows:

- Motion Hearing Cut-Off: July 25, 2022 at 1:30 PM
- Trial Filings (first round): August 18, 2022
- Pretrial Conference: August 26, 2022 at 8:00 AM.
- Hearings re: MILs and Disputed Jury Instructions: September 2, 2022 at 8:00 AM [Dkt. 78]
- Jury Trial: September 13, 2022 at 8:30 AM. [Dkt. 78]

**I.      Requested Modifications of Current Dates**

Parties request a Jury Trial date set on or after March 6, 2023, with current deadlines being reset in accordance with the new Jury Trial date. Defense counsel, Mr. Shant Taslakian, substituted as counsel on May 5, 2022. The prior defense attorney, Ms. Hasmik Badalian-Collins, is no longer working in the Police Litigation Unit. In order to properly meet and confer with opposing counsel, Mr. Taslakian needs time to review and prepare the matter. Both attorneys are available to start trial on March 6, 2023.

**J.      Stipulation to Magistrate Judge for Trial**

Plaintiff and Defendants do not consent to a magistrate judge.

**K.      Need for Case Management Conference**

The Parties do not believe a case management conference is currently necessary.

**L.      Immediate Relief Sought Regarding Case Schedule:**

There is currently no relief sought by either Party regarding the case schedule.


DATED: 06.22.2022          **SHIKES & SZOCS**


*By: /s/ Stephen A. Shikes*
Stephen A. Shikes, Esq.,

Attorneys for *Plaintiff,* **FRANK EDWARD EDMONDS**


Dated: 06.22.2022          **MICHAEL N. FEUER**, City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Atty.

By:*/S/ Shant. G. Taslakian          .*
**SHANT G. TASLAKIAN**, Deputy City Attorney
*Attorneys for Defendant,* **CITY OF LOS ANGELES, et al.**